**EXHIBIT A**

```
                                              MICHAEL K. JEANES
                                          Clerk of the Superior Court
                                              By Brian Colwell, Deputy
                                          Date 10/24/2012 Time 14:46:28
                                        Description              Amount
                                        ------- CASE# CV2012-056261 -------
                                        CIVIL NEW COMPLAINT        301.00
                                        ------------------------------------
                                        TOTAL AMOUNT               301.00
                                             Receipt# 22539603
```

1  Geoffrey S. Kercsmar (#020528)
   Molly L. Eskay (#028212)
2  KERCSMAR & FELTUS PLLC
3  6263 North Scottsdale Road, Suite 320
   Scottsdale, Arizona 85250
4  Telephone: (480) 421-1001
   Facsimile: (480) 421-1002
5  gsk@kflawaz.com
   cme@kflawaz.com
6
7  Attorneys for Plaintiff James R. Currier

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9             IN AND FOR THE COUNTY OF MARICOPA

10
   JAMES R. CURRIER, an individual,
11                                        No. ___CV2012-056261___
              Plaintiff,
12
   v.
13                                        **COMPLAINT**
   SIONIX CORPORATION, a Nevada
14 corporation;
                                          (Breach of Contract; Breach of Implied
15            Defendants.                 Covenant of Good Faith and Fair Dealing;
                                          Wage Claim; Negligent Misrepresentation;
16                                        Fraud)

17

18        For his Complaint, Plaintiff James R. Currier ("Plaintiff" or "Currier") alleges as

19 follows:

20                          **THE PARTIES**

21      1.      Currier is an individual residing in Maricopa County, Arizona.

22      2.      Defendant Sionix Corporation ("Sionix") is a Nevada corporation with its

23 principal place of business in California.

24      3.      This Court has jurisdiction over this matter, and venue is proper.

25

26

*Kercsmar & Feltus PLLC*
*6263 North Scottsdale Road, Suite 320*
*Scottsdale, Arizona 85250*
*(480) 421-1001*

## GENERAL ALLEGATIONS

### Sionix Corporation

4.     Sionix was founded in 1985.  The company was initially incorporated in Utah in 1986 and later re-incorporated in Nevada in 2003.

5.     According to its website, "Sionix designs innovative and advanced water treatment systems intended for use in defense, government facilities, and emergency water supplies during natural disasters, housing development projects, and various industrial processes."

6.     The self-described "heart" of the Sionix system is the company's patented dissolved air flotation ("DAF") technology, which creates "bubbling dynamics that elevate organic contaminants to the surface where 99.95% are skimmed off."

### Currier's Employment with Sionix

7.     In December 2009, Currier was hired as the Chief Executive Officer of Sionix.

8.     Currier's initial employment agreement with Sionix, dated December 16, 2009, was amended on May 30, 2010 and replaced by an updated agreement effective January 1, 2011 (the "Employment Agreement").

9.     The Employment Agreement provides, among other things, that Currier receive an annual salary of $200,000 for 2011, to be adjusted at the discretion of the Board of Directors for 2012 and 2013.  The listed "target" salaries for 2012 and 2013 are $225,000 and $250,000, respectively.

10.     The Employment Agreement further provides that Currier is entitled to four weeks of vacation leave per year; insurance and retirement benefits; full reimbursement of business expenses; additional equity compensation of 4,000,000 stock options, to vest immediately; and a $12,000 annual automobile expense allowance.

Keesmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

2

1    11.    The Employment Agreement has a stated term of three years from the

2    agreement's January 1, 2011 effective date.

3    12.    The Employment Agreement may be terminated prior to January 1, 2014,

4    subject to the following terms:

5              a.    Sionix may terminate Currier's employment, without cause, provided

6                    that it continues to compensate Currier for six months following the

7                    termination, including salary and benefits.   Under this paragraph,

8                    Currier's unearned options and additional options immediately vest

9                    upon termination. [Paragraph 3.2]

10             b.    Sionix may terminate Currier's employment, with cause, and need not

11                   provide Currier with any compensation following the termination.

12                   Under this paragraph, Currier's unearned options or additional options

13                   terminate immediately. [Paragraph 3.3]

14             c.    Currier may resign, without good reason, but must use reasonable

15                   efforts to provide Sionix with 30 days' notice of his resignation.  Under

16                   this paragraph, Currier is not entitled to any compensation following the

17                   date of his resignation. [Paragraph 3.5]

18   13.    Paragraph 7.1 of the Employment Agreement provides that "cause" will

19   exist for termination if Sionix ends Currier's employment for any of the following

20   reasons, as determined by a unanimous decision of the remaining members of Sionix's

21   Board of Directors:

22             a.    Currier "willfully fails to substantially perform his duties or willfully

23                   acts in a manner contrary to direction from the Board of Directors, and

24                   such willful failure or action is not remedied within ten (10) business

25                   days after written notice from the Board of Directors, which written

26

Kerssmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

3

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

1  notice shall state that failure to remedy such conduct may result in an
2  involuntary termination for Cause";

3      b.    Currier "engages in willful and serious misconduct that causes material
4  injury to Sionix"; or

5      c.    Currier is convicted of, or pleads guilty to, a felony.

6      14.    Paragraph 6.2 of the Employment Agreement provides that "good reason"
7  will exist for Currier to resign if:

8      a.    Sionix reduces Currier's base salary without proportionally reducing the
9  salaries of other senior executive officers; or

10      b.    Sionix strips Currier of the title of CEO.

11      15.    The Employment Agreement contains no paragraph detailing what
12  compensation Currier will receive if he resigns with good reason under Paragraph 6.2;
13  accordingly, Currier would have been entitled to the same compensation that he would
14  have received for a termination without good cause, namely, six months' salary following
15  the termination, including benefits, and the immediate vesting of Currier's unearned
16  options and additional options.

17      16.    Currier worked for Sionix from 2009 to 2012, maintaining the title of CEO
18  throughout that period and fully performing all of the duties associated with that position.

19      17.    Currier's tenure as CEO was highly successful. While in this role, and
20  among other successes, Currier eliminated $18 million in convertible debt on the
21  company's balance sheet, brought Sionix's delinquent financial statements and
22  mandatory SEC filings current, re-engineered and electronically documented the Sionix
23  DAF-based Mobile Water Treatment System ("MWTS"), expanded the product line to
24  include Drilling Fluids Dewatering ("DFD") products, Micro-Flow MWTS products and
25  Magna-Flow MWTS products, substantially expanded and secured Sionix's intellectual
26  property from potential infringement through patent applications and

4

extensions/expansions of Sionix's existing patent portfolio, secured incremental funding to service existing debt and pay employee salary obligations, and developed a credible, professional company website with meaningful product, application and technology information.

### Currier's *De Facto* Termination From Sionix

18.    On July 30, 2012, Johan Perslow ("Perslow"), a member of Sionix's Board of Directors, approached Currier to discuss an amicable termination of Currier as the CEO of Sionix.

19.    In the course of that conversation, Perslow informed Currier that he was asked by directors James Alexander ("Alexander") and Frank Power ("Power") to see if Currier was amenable to a resignation from his post as CEO.

20.    Currier agreed that a separation would likely serve everyone's best interests and expressed his willingness to further discuss an appropriate separation agreement.

21.    That same day, upon Perslow's request, Currier prepared a written response to Sionix's Board of Directors, entitled "Sionix Termination, Acceptable Conditions thereof" reflecting that he was willing to "accept a termination without cause attributable to health reasons (specifically a heart arrhythmia that is aggravated by the continuous stress of my employment), under certain conditions below." These conditions included compensation "through the end of 2012 so that full continuity can be maintained with customers and clients," eight weeks' accrued vacation pay, and incentive awards not yet realized.

22.    Perslow immediately forwarded Currier's response to Alexander for consideration by the Board of Directors of Sionix.

23.    On August 13, 2012, Power notified Currier that he would need to meet with Currier directly to discuss the logistics of the separation.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

5

24.     Currier traveled to California the next day, August 14, 2012, and met personally with Power. At that meeting, Power represented to Currier that he was vested with authority, by Sionix's Board of Directors, to speak with Currier regarding the separation and to prepare a separation agreement between Currier and Sionix. Currier and Power then proceeded to discuss, and reach agreements regarding, the terms of Currier's separation, which Power agreed to reduce to writing.

25.     During the August 14, 2012 discussions, Currier and Power, acting on behalf of Sionix, agreed to the following terms, among others:

  a.   Currier would receive his full salary through August 31, 2012.

  b.   Currier would receive his accrued vacation time either in cash (as accrued on Sionix's books) or an equivalent stock award.

  c.   Currier would be entitled to the stock awards tied to his projects, provided that Sionix completed those projects.

  d.   Currier would receive a monthly consulting salary of $5,000 cash and $10,000 in stock ($15,000 total) for three (3) months following execution of the separation agreement.

26.     On the morning of Saturday, August 18, Power provided Currier with a written separation agreement for his review. The email accompanying the agreement stated: "Here is the final draft as reviewed by the non executive board. Please annotate as you desire. We would all line [sic] to wrap this up today."

27.     Currier acknowledged receipt of the draft agreement that day, instructing Power that he would not be able to finalize the agreement over the weekend because he could not consult with his legal counsel until the following Monday. But to expedite the process, Currier identified a series of corrections necessary to conform the document to the parties' August 14, 2012 verbal agreement.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

Keresmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

28.     Currier also submitted some additional proposed changes regarding matters not explicitly discussed on August 14.  Currier asked Power to proceed with making those changes so Currier could present the updated version to his counsel on Monday.

29.     The next day, on Sunday, August 19, Currier submitted a redlined version of the agreement to Power, incorporating Currier's changes.

30.     At approximately 9:00 PM the same day, Power emailed Currier, stating: "I see no way that we will have an exit agreement in place in time to have an orderly leadership change and jump start the business of Sionix on Monday morning.  Will you agree to signing your letter of resignation now so that we can issue the 8k?  We agree to continue settlement discussions in good faith consistent with the exchange of information which we have exchanged these past few days?  [I]t is essential that we are able to conduct business at Sionix tomorrow as any further delays by us likely will cause great harm to the company, the shareholders, the investors, our partners and employees.  I am asking for your cooperation."

31.     Although Currier was eager to cooperate, Power's request that Currier tender a formal resignation letter prior to execution of the separation agreement caused Currier great anxiety, and he expressed as much to Power in an email sent early Monday morning, August 20, 2012.  Currier asked Power to call him immediately to discuss the issue.

32.     At approximately 9:00 AM on Monday, August 20, 2012, upon assurances from Power that the separation agreement would be finalized shortly and that Currier's submission of a resignation letter was imperative to the well-being of Sionix, Currier submitted his formal resignation to Sionix by email.  However, Currier expressly limited his resignation as follows: "This resignation letter comes at your personal assurance that the Separation Agreement between Sionix and me will be: (i) forthcoming within 24 hours, and (ii) that all the issues that I have outlined, both in the proposed agreement,

7

revisions that I have subsequently made, and the verbal assurances that you have provided will be agreed upon to my satisfaction in the final document. If this is not your assurance, please return this resignation without distribution as if it has not been written."

33.     Power responded minutes later that he could not promise completion of the separation agreement within twenty-four hours, "but I do assure you that I will expedite the process. I am certain that all involved here will move quickly. If you accept that, we will move."

34.     Within an hour's time, Currier responded: "Accepted, with the condition that the process does not linger more than 48 hours." Power immediately replied, "Thanks On it."

35.     Two days later, on August 22, 2012, fully aware that the parties had not executed a written separation agreement within the agreed-upon time frame, Sionix filed a Form 8-K with the U.S. Securities and Exchange Commission ("SEC"), stating: "On August 20, 2012, James R. Currier Resigned as the Chief Executive Officer of Company for personal health reasons. As well he resigned as Chairman of the Board of Directors for the Company. The resignations were not related to any disagreement with the Company."

36.     The following day, still without execution of a written separation agreement, Sionix issued a letter to its shareholders stating that Currier had resigned "for personal health reasons," but "will remain a consultant to the company." The shareholder letter further provided that an executive committee, formed by Sionix's Board of Directors, would temporarily fulfill the role of CEO.

37.     On August 25, 2012, Currier emailed Power, asking for an update on the status of the separation agreement, given Sionix's failure to produce an executed settlement agreement to Currier by August 22, 2012, as agreed.

Keesmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

8

38.   Power responded, "I am committed to concluding a settlement agreement with you as promised." Power further stated that he would provide Currier with an update on August 27, 2012.

39.   On September 28, 2012, after receiving no further correspondence from Power or the other members of Sionix's Board of Directors, Currier retained legal counsel who provided the Board with a copy of the separation agreement, fully incorporating the parties' August 14, 2012 verbal agreement and Currier's subsequent revisions (the "Separation Agreement").

40.   The key provisions of the Separation Agreement include:

a.   Currier releases Sionix from any past or future obligations owed to Currier by Sionix arising from his employment;

b.   Sionix pays Currier his full salary through August 31, 2012;

c.   Sionix pays Currier for his accrued vacation time, either in cash ($37,988) or an equivalent stock award (1,079,205 shares of restricted common stock);

d.   Sionix pays Currier a possible total of 2,500,000 shares of stock, dependent upon Sionix's closure of six sales delineated in Schedule B of the Separation Agreement;

e.   Sionix pays Currier a consulting salary of $15,000 cash and $30,000 in stock, in exchange for his provision of consulting services through November 30, 2012;

f.   Currier's remaining stock will vest in full on October 1, 2012; and,

g.   Sionix and Currier will discuss, in good faith, the possibility of Currier receiving commissions on referrals made on sales of systems or water treatment contracts.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

9

41.   To date, Sionix has not executed the Separation Agreement or further communicated with Currier (or his counsel) regarding the Separation Agreement.

42.   To date, Sionix has not provided Currier with any wages, accrued vacation pay, stock, or benefits associated with his separation.

43.   On September 19, 2012, Perslow resigned as a member of Sionix's Board of Directors due, in large part, to Sionix's improper handling of the separation of Currier.

44.   On October 11, 2012, Sionix issued a press release stating that Ken Calligar, a member of Sionix's Board of Directors, has been appointed the interim CEO of Sionix.

## COUNT ONE
### (Breach of Contract - August 20, 2012 Agreement)

45.   Plaintiff realleges and incorporates herein by reference each and every allegation of this Complaint as if fully set forth herein.

46.   By email with Currier on August 20, 2012, Sionix agreed that it would provide Currier with an executed separation agreement incorporating the terms of the parties' August 14, 2012 oral agreement and the subsequent revisions submitted by Currier no later than August 22, 2012, in exchange for the right to announce Currier's resignation on August 20, 2012.

47.   By publicly reporting Currier's resignation without adhering to the express condition placed upon such resignation (execution of the Separation Agreement by August 22, 2012), Sionix breached its August 20, 2012 agreement with Currier.

48.   As a direct result of this breach, Currier has effectively been terminated from his position as the CEO of Sionix without receipt of the severance compensation promised by Sionix and reflected in the Separation Agreement (including regular and consulting wages, vacation time, incentive stock holdings based on Sionix's achievement of certain milestones, vesting of stock options, and potential referral commissions).

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

10

49.   Currier has been damaged by Sionix's breach of contract in an amount to be proven at trial, plus pre-judgment interest accrued and accruing interest at the highest rate permitted by law.

50.   Because this matter arises out of contract, under A.R.S. §§ 12-341 and 12-341.01 and the terms of the Severance Agreement, Currier is entitled to his reasonable costs and attorney's fees, with interest on all such fees and costs at the rate of ten percent (10%) per annum pursuant to A.R.S. § 44-1204(a), from the date of judgment until paid in full.

## COUNT TWO
### (Breach of Contract - Employment Agreement)

51.   Plaintiff realleges and incorporates herein by reference each and every allegation of this Complaint as if fully set forth herein.

52.   Currier's resignation was not effective due to Sionix's failure to abide by the conditions placed upon its use. Sionix's actions following August 22, 2012, including the Board's refusal to communicate with Currier and the appointment of a new CEO, constitute a *de facto* termination of Currier's employment without cause.

53.   By terminating Currier's employment without cause and without providing Currier with the benefits set forth in Paragraph 3.2 of the Employment Agreement (including six months' compensation and benefits and the vesting of all unearned/additional options), Sionix has breached the Employment Agreement.

54.   As a direct result of this breach, Currier has been terminated from his position as the CEO of Sionix, without the severance compensation set forth in the Employment Agreement.

55.   Currier has been damaged by Sionix's breach of contract in an amount to be proven at trial, plus pre-judgment interest accrued and accruing interest at the highest rate permitted by law.

Keesmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

11

56.   Because this matter arises out of contract, under A.R.S. §§ 12-341 and 12-341.01, Currier is entitled to his reasonable costs and attorney's fees, with interest on all such fees and costs at the rate of ten percent (10%) per annum pursuant to A.R.S. § 44-1204(a), from the date of judgment until paid in full.

## COUNT THREE
### (Breach of Implied Covenant of Good Faith and Fair Dealing - August 20, 2012 Agreement)

57.   Plaintiff realleges and incorporates herein by reference each and every allegation of this Complaint as if fully set forth herein.

58.   A duty of good faith and fair dealing is implied in every contract. This duty requires that neither party do anything that prevents the other party from receiving the benefits of their agreement.

59.   Sionix breached the covenant of good faith and fair dealing implied within the parties' August 20, 2012 contract by misrepresenting that it would execute a written separation agreement, satisfactory in form to Currier and encapsulating the parties' agreement regarding the terms of Currier's departure, by August 22, 2012 at 10:00 AM.

60.   Not only did Sionix fail to meet the agreed-upon deadline of August 22, 2012, it has not engaged in any subsequent discussion with Currier in furtherance of execution of the Separation Agreement in the two months following that deadline.

61.   Currier would not have agreed to resign from Sionix without Sionix's promise to timely execute the Separation Agreement and without the compensation package promised in the Separation Agreement.

62.   Currier was damaged by Sionix's breach of the implied covenant of good faith and fair dealing inherent in the parties' August 20, 2012 contract because he has not received the severance compensation promised by Sionix, as reflected in the Separation Agreement.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 370
Scottsdale, Arizona 85250
(480) 421-1001

63.    Currier is entitled to recover contract damages from Sionix for Sionix's breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial, plus pre-judgment interest accrued and accruing interest at the highest rate permitted by law.

### COUNT FOUR
**(Breach of Implied Covenant of Good Faith and Fair Dealing - Employment Agreement)**

64.    Plaintiff realleges and incorporates herein by reference each and every allegation of this Complaint as if fully set forth herein.

65.    Sionix's solicitation of a resignation letter from Currier on false pretenses—allowing Sionix to avoid the repercussions of a termination without cause—breaches the implied covenant of good faith and fair dealing implied within the Employment Agreement.

66.    Currier was damaged by Sionix's breach of the implied covenant of good faith and fair dealing inherent in the Employment Agreement because a resignation "without good reason" entitles Currier to no severance pay, other than Currier's salary and vacation pay accrued through the date of termination and reimbursement of allowable expenses incurred prior to the effective date of the resignation.

67.    Sionix's bad faith efforts to extract a resignation from Currier, rather than terminating Currier without cause, have harmed Currier by depriving him of the severance compensation required by Paragraph 3.2 of the Employment Agreement.

68.    Currier is entitled to recover contract damages from Sionix for Sionix's breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial, plus pre-judgment interest accrued and accruing interest at the highest rate permitted by law.

### COUNT FIVE
**(Wage Claim Under A.R.S. § 23-355)**

Keesmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

69.    Plaintiff realleges and incorporates herein by reference each and every allegation of this Complaint as if fully set forth herein.

70.    Sionix has terminated Currier's employment, without cause, as those terms are defined by the Employment Agreement.

71.    As of August 2012, Currier had performed all obligations under the Employment Agreement.

72.    As a consequence of terminating Currier's employment without cause, the Employment Agreement requires Sionix to provide Currier with six months' wages following the date of termination.

73.    Sionix has not provided Currier with these wages, and their payment is non-discretionary.

74.    In the alternative, Sionix agreed that in exchange for the right to announce Currier's resignation on August 20, 2012, Sionix would execute the Settlement Agreement. Sionix is therefore bound to provide Currier with severance pay as set forth in the Separation Agreement, including his regular wages through August 31, 2012 and additional consulting wages of $15,000 per month in cash and stock.

75.    Since August 20, 2012, Sionix has not requested that Currier perform any consulting duties, but Currier has nonetheless remained available to consult with Sionix at any time, consistent with the Separation Agreement. Therefore, Currier is entitled to consulting wages, pro-rated from August 20, 2012 to the date of filing of this action.

76.    Sionix has not provided Currier with these wages, and their payment is non-discretionary.

77.    Under the terms of either the Employment Agreement or Separation Agreement, Currier is also entitled to his accrued vacation time as of August 22, 2012.

78.    Sionix's refusal to pay Currier's wages is unreasonable and in bad faith, violating A.R.S. § 23-355.

Keesmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

14

79.    As a result of Sionix's violation of A.R.S. § 23-355, Currier is entitled to treble damages on the amount of the past due wages owed to him by Sionix, and attorneys' fees incurred in pursuing such damages.

## COUNT SIX
### (Negligent Misrepresentation)

80.    Plaintiff realleges and incorporates herein by reference each and every allegation of this Complaint as if fully set forth herein.

81.    Sionix, through its agents, made material false representations to Currier, including, but not limited to:

a.    Misrepresenting to Currier on August 20, 2012 that Sionix would produce an executed Separation Agreement within forty-eight hours;

b.    Misrepresenting to Currier on August 20, 2012 that Sionix would produce an executed Separation Agreement incorporating the parties' August 14, 2012 verbal agreement and all revisions subsequently submitted by Currier on August 18 and 19, 2012;

c.    Misrepresenting to Currier on August 20, 2012 that Sionix would work in good faith to effectuate a Separation Agreement with Currier;

d.    Misrepresenting to Currier on August 25, 2012 that Sionix was committed to concluding negotiations regarding the Separation Agreement;

e.    Misrepresenting to Currier on August 25, 2012 that Sionix intended and expected to "close out" the Separation Agreement;

f.    Misrepresenting to Currier on August 19, 2012 that it was "essential" for Currier to formally resign on August 20, 2012 because any further delay "likely will cause great harm to the company, the shareholders, the investors, our partners and employees"; and

Keesmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

15

   g. Misrepresenting to Currier on August 20, 2012 that it was necessary for Currier to formally resign on August 20, 2012 to protect Sionix.

  82. Currier reasonably and justifiably relied on the truth of the representations of Sionix.

  83. Each of these statements represents a false present statement of fact, or a false present statement of intent to do a thing.

  84. Based on these misrepresentations and others, Currier was induced to tender his resignation (citing health reasons) prior to receiving the executed Settlement Agreement. Currier was further induced to refrain from publicly denouncing Sionix's characterization of his departure and to forego pursuing legal remedies against Sionix.

  85. Sionix was at least negligent in making the false representations described above.

  86. As a result of the false representations of Sionix, Currier has not received the termination compensation set forth in the Separation Agreement and the Employment Agreement.

  87. Currier has been damaged by his reliance on the misrepresentations of Sionix in an amount to be proven at trial, plus pre-judgment interest accrued and accruing interest at the highest rate permitted by law.

  88. Because this matter arises out of contract, under A.R.S. §§ 12-341 and 12-341.01, Currier is entitled to his reasonable costs and attorney's fees, with interest on all such fees and costs at the rate of ten percent (10%) per annum pursuant to A.R.S. § 44-1204(a), from the date of judgment until paid in full.

Keesmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

## COUNT SEVEN
### (Fraud)

89.    Plaintiff realleges and incorporates herein by reference each and every allegation of this Complaint as if fully set forth herein.

90.    Sionix, through its agents, made material false representations to Currier, including, but not limited to:

a.    Misrepresenting to Currier on August 20, 2012 that Sionix would produce an executed Separation Agreement within 48 hours;

b.    Misrepresenting to Currier on August 20, 2012 that Sionix would produce an executed Separation Agreement incorporating the parties' August 14, 2012 verbal agreement and all revisions subsequently submitted by Currier on August 18 and 19, 2012;

c.    Misrepresenting to Currier on August 20, 2012 that Sionix would work in good faith to effectuate a Separation Agreement with Currier;

d.    Misrepresenting to Currier on August 25, 2012 that Sionix was committed to concluding negotiations regarding the Separation Agreement;

e.    Misrepresenting to Currier on August 25, 2012 that Sionix intended and expected to "close out" the Separation Agreement;

f.    Misrepresenting to Currier on August 19 and 20, 2012 that it was "essential" for Currier to formally resign on August 20, 2012 because any further delay "likely will cause great harm to the company, the shareholders, the investors, our partners and employees"; and

g.    Misrepresenting to Currier on August 20, 2012 that it was necessary for Currier to formally resign on August 20, 2012 to protect Sionix.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

91.    Each of these statements represents a false present statement of fact, or a false present statement of intent to do a thing.

92.    Sionix was aware that these representations were false when made, and knew them to be false when made.

93.    Sionix was aware that these misrepresentations were material.

94.    Sionix was aware that Currier was extremely hesitant to tender his resignation prior to execution of the Separation Agreement and knew that Currier had no intention of resigning from his position at Sionix unless Sionix executed the Separation Agreement.

95.    Currier reasonably and justifiably relied on the truth of the representations of Sionix.

96.    Based on these misrepresentations and others, Currier was induced to tender his resignation (citing health reasons) prior to receiving the executed Settlement Agreement. Currier was further induced to refrain from publicly denouncing Sionix's characterization of his departure and to forego pursuing legal remedies against Sionix.

97.    As a result of the false representations of Sionix, Currier has not received the termination compensation set forth in the Separation Agreement or the Employment Agreement.

98.    Currier has been damaged by his reliance on the misrepresentations of Sionix in an amount to be proven at trial, plus pre-judgment interest accrued and accruing interest at the highest rate permitted by law.

99.    Because this matter arises out of contract, under A.R.S. §§ 12-341 and 12-341.01, Currier is entitled to his reasonable costs and attorney's fees, with interest on all such fees and costs at the rate of ten percent (10%) per annum pursuant to A.R.S. § 44-1204(a), from the date of judgment until paid in full.

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

18

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

100. Further, the tortious conduct of Sionix warrants punitive damages. Sionix acted with an evil hand, guided by an evil mind, either intending to injure Currier with their misrepresentations or consciously pursuing a course of conduct knowing that it created a substantial risk of significant harm to Currier. The Court should therefore award punitive damages in an amount sufficient to punish Sionix and to deter Sionix and others similarly situated from engaging in similar conduct in the future.

## JURY TRIAL DEMAND

101. Plaintiff requests a trial by jury on all aspects of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James R. Currier prays for relief and judgment against Defendants Sionix Corporation as follows:

A.    Awarding Plaintiff his damages sustained due to Defendant's misrepresentations, whether negligent or intentional;

B.    Awarding Plaintiff his damages sustained due to Defendant's breach of the Employment Agreement, the Severance Agreement, the written agreement reached by the parties on August 20, 2012 and the covenants of good faith and fair dealing inherent in these contracts, including but not limited to all compensation owed, vacation time accrued, and all stock awards;

C.    Awarding Plaintiff his wages under A.R.S. § 23-355 and trebling of those wages, plus any and all attorney's fees;

D.    Awarding Plaintiff his costs associated with bringing this action, including pre- and post-judgment interest, pursuant to A.R.S. § 12-341;

E.    Awarding Plaintiff his reasonable attorney's fees pursuant to A.R.S. § 12-341.01 and the terms of the Severance Agreement;

F.    Awarding Plaintiff punitive damages; and,

19

G.     For such other and further relief as this Court deems necessary, just and proper under the circumstances.

DATED this 24th day of October, 2012.


KERCSMAR & FELTUS PLLC


Geoffrey S. Kercsmar
Molly L. Eskay
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
*Attorneys for Plaintiff James R. Currier*

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

20

**EXHIBIT B**

Superior Court of Arizona
In Maricopa County

Case Number _____ CV2012-056261

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Applicant's Attorney:
Geoffrey S. Kercsmar

Attorney's Bar Number: #020528

Applicant's Name(s): (List all)
James R. Currier

_____

_____

(List additional plaintiffs on page two and/or attach a separate sheet).

Non-Applicant's Name(s): (List all)

Sionix Corporation

(List additional defendants on page two and/or attach a separate sheet).

Is Interpreter Needed?  ☐ Yes  ☒ No

If yes, what language: _____

To the best of my knowledge, all information is true and correct.

_____
Attorney/Pro Per Signature (If no attorney, YOUR signature)

Plaintiff's Address:

c/o Kercsmar & Feltus, PLLC

6263 North Scottsdale Road, Suite 320

Scottsdale, Arizona 85250

EMERGENCY ORDER SOUGHT:
(if applicable)

☐ Temporary Restraining Order
☐ OSC -- Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under Nature of Action).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, In addition to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the one case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability -- Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice -- Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify)

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.  ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☒ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

**150-199  OTHER CIVIL CASE TYPES:**

☐156 Eminent Domain/Condemnation                                Case No. _____
☐151 Eviction Actions (Forcible and Special Detainers)
☐152 Change of Name                                   ☐155 Declaratory Judgment
☐153 Transcript of Judgment                           ☐157 Habeas Corpus
☐154 Foreign Judgment                                 ☐184 Landlord Tenant Dispute - Other
☐158 Quiet Title                                      ☐159 Restoration of Civil Rights (Federal)
☐160 Forfeiture                                       ☐159 Clearance of Records (A.R.S. §13-4051)
☐175 Election Challenge                               ☐190 Declaration of Factual Innocence(A.R.S.§12-771)
☐179 Employer Sanction Action (A.R.S. §23-212)        ☐191 Declaration of Factual Improper Party Status
☐180 Injunction against Workplace Harassment          ☐193 Vulnerable Adult (A.R.S. §46-451)
☐181 Injunction against Harassment                    ☐165 Tribal Judgment
☐182 Civil Penalty                                    ☐167 Structured Settlement (A.R.S. §12-2901)
☐186 Water Rights (Not General Stream Adjudication)   ☐169 Attorney Conservatorships (State Bar)
☐187 Real Property                                    ☐170 Unauthorized Practice of Law (State Bar)
☐Sexually Violent Persons (A.R.S. §36-3704)           ☐171 Out-of-State Deposition for Foreign Jurisdiction
   (Except Maricopa County)                           ☐172 Secure Attendance of Prisoner
☐Minor Abortion (See Juvenile in Maricopa County)     ☐173 Assurance of Discontinuance
☐Special Action Against Lower Courts                  ☐174 In-State Deposition for Foreign Jurisdiction
   (See lower court appeal cover sheet in Maricopa)    ☐176 Eminent Domain–Light Rail Only
                                                      ☐177 Interpleader– Automobile Only
**150-199 UNCLASSIFIED CIVIL CASE TYPES:**            ☐178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐Administrative Review                                ☐183 Employment Dispute - Discrimination
   (See lower court appeal cover sheet in Maricopa)    ☐185 Employment Dispute - Other
☐150 Tax Appeal                                       ☐163 Other
(All other tax matters must be filed in the AZ Tax              (Specify)
Court)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)
_____
_____

Additional Defendant(s)
_____
_____

Geoffrey S. Kercsmar (#020528)
Molly L. Eskay (#028212)
KERCSMAR & FELTUS PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gsk@kflawaz.com
cme@kflawaz.com

Attorneys for Plaintiff James R. Currier

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

JAMES R. CURRIER, an individual,

Plaintiff,

v.

SIONIX CORPORATION, a Nevada corporation;

Defendants.

No. _CV2012-056261_

**CERTIFICATE OF COMPULSORY ARBITRATION**

Undersigned counsel hereby certifies that she is familiar with the dollar amounts and other limitations set forth in Local Rule 3.10 of the Maricopa County Superior Court, and further certifies that this case is not subject to compulsory arbitration as set forth in Arizona Rules of Civil Procedure 72 through 77.

1

1   DATED this 24th day of October, 2012.

2

3                                    KERCSMAR & FELTUS PLLC

4

5

6                                    Geoffrey S. Kercsmar
                                     Molly L. Eskay
7                                    KERCSMAR & FELTUS PLLC
                                     6263 North Scottsdale Road, Suite 320
8                                    Scottsdale, Arizona 85250
                                     *Attorneys for Plaintiff James R. Currier*
9

10

11                    CERTIFICATE OF SERVICE

12   I certify that on October 24, 2012, I filed this document with the Clerk of the Court and

13   served a copy of this document by regular mail on the following:

14

15   Court Administrator
     201 W. Jefferson
16   Phoenix, Arizona 85003-2205

17

18

19

20

21

22

23

24

25

26

27

28

Kercsmar & Feltus PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

2

1  Geoffrey S. Kercsmar (#020528)
   Molly L. Eskay (#028212)
2  KERCSMAR & FELTUS PLLC
   6263 North Scottsdale Road, Suite 320
3  Scottsdale, Arizona 85250
   Telephone: (480) 421-1001
4  Facsimile: (480) 421-1002
   gsk@kflawaz.com
5  cme@kflawaz.com

6
   Attorneys for Plaintiff James R. Currier    ┌─────────────┐
7                                               │ ORIGINAL    │
                                                └─────────────┘
8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF MARICOPA

10 JAMES R. CURRIER, an individual,
                                          No.   CV2012-056261
11              Plaintiff,

12 v.
                                          SUMMONS
13 SIONIX  CORPORATION,  a  Nevada
   corporation;
14
                Defendants.
15

16 THE STATE OF ARIZONA TO:

17    Sionix Corporation
18    c/o GKL Registered Agents/Filings Inc.
      1000 East Williams Street, Suite 204
19    Carson City, NV 89701

20
21 YOU ARE HEREBY SUMMONED and required to appear and defend in the above-entitled

22 action in the above-entitled Court within 20 days, exclusive of the date of service, after

   service of this Summons upon you if served within the State of Arizona; or within 30 days,
23
   exclusive if the date of service, if served without the State of Arizona, and you are hereby
24 notified that in case you fail to so do, judgment by default may be entered against you for the

25 relief demanded in the Complaint.

26 Requests for reasonable accommodation for persons with disabilities must be made to the

27 division assigned to the case by parties at least 3 judicial days in advance of a scheduled

   court proceeding.
28

                              1

The names and address of Plaintiff's attorneys are:

        Geoffrey S. Kercsmar (#020528)
        Molly L. Eskay (#028212)
        KERCSMAR & FELTUS PLLC
        6263 N. Scottsdale Road, Suite 320
        Scottsdale, Arizona 85250
        (480) 421-1001

GIVEN UNDER MY HAND and seal of the above-referenced Court of Arizona, Maricopa County this ___ day of _____ 2012.

OCT 2 4 2012

        MICHAEL K. JEANES, CLERK
        MARICOPA COUNTY SUPERIOR COURT

By _____
        Deputy Clerk

Kercsmar & Feltus PLLC
6263 N. Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

2

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Danielle Welborn
Filing ID 1515219
10/29/2012 1:59:00 PM

1  Geoffrey S. Kercsmar (#020528)
2  Molly L. Eskay (#028212)
   KERCSMAR & FELTUS PLLC
3  6263 North Scottsdale Road, Suite 320
   Scottsdale, Arizona 85250
4  Telephone: (480) 421-1001
   Facsimile: (480) 421-1002
5  gsk@kflawaz.com
   cme@kflawaz.com
6
7  Attorneys for Plaintiff James R. Currier

8            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF MARICOPA

10
   JAMES R. CURRIER, an individual,
11                                           No. CV2012-056261
                   Plaintiff,
12                                           DECLARATION OF MOLLY ESKAY
   v.                                        REGARDING SERVICE UPON
13                                           DEFENDANT SIONIX CORPORATION
   SIONIX CORPORATION, a Nevada
14 corporation;
                                             (Assigned to Hon. Michael Gordon)
15                 Defendants.

16

17

18         I, Molly L. Eskay, declare as follows:

19         1.    I am an attorney at the law firm of Kercsmar & Feltus PLLC and one of the

20 attorneys representing Plaintiff James R. Currier in this matter.

21         2.    I make this declaration pursuant to Rule 4.2(c) of the Arizona Rules of Civil

22 Procedure.

23         3.    Defendant Sionix Corporation ("Sionix") is located outside of the state of

24 Arizona.

25

26

4.     On October 25, 2012, I sent by FedEx a copy of the Complaint, Summons and Certificate of Compulsory Arbitration in this action to Sionix, at the following address:

> Sionix Corporation
> c/o GKL Registered Agents/Filings
> 1000 E. William Street, Suite 204
> Carson City, NV 89701

5.     The papers sent to Sionix were in fact received by Sionix on October 29, 2012, as evidenced by the FedEx proof-of-delivery attached hereto as Exhibit A.

6.     The package was signed for by D. Perry, an adult present at the above-referenced address. *See* Exhibit A.

7.     I received the e-mail notification of the FedEx delivery on October 29, 2012.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED this 29th day of October, 2012.

By:   /s/ Molly L. Eskay
        Molly L. Eskay
        KERCSMAR & FELTUS PLLC
        6263 North Scottsdale Road, Suite 320
        Scottsdale, Arizona 85250

Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
(480) 421-1001

## CERTIFICATE OF SERVICE

I certify that on October 29, 2012, I filed this document with the Clerk of the Court and served a copy by regular mail on the following:

Sionix Corporation
c/o GKL Registered Agents/Filings
1000 E. William Street, Suite 204
Carson City, NV 89701


By: _/s/ Brandi J. Bies_

3

# EXHIBIT A



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

October 29, 2012

Dear Customer:

The following is the proof-of-delivery for tracking number 793936519769.

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | D.PERRY | Delivery location: | 1000 EAST WILLIAM STREET SUITE |
| | | | CARSON CITY, NV 89701 |
| Service type: | Priority Envelope | Delivery date: | Oct 29, 2012 09:40 |



**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 793936519769 | Ship date: | Oct 25, 2012 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
c/o GKL Registered Agents/Filings
Sionix Corporation
1000 E WILLIAM ST
STE 204
CARSON CITY, NV 89701 US
Reference

Shipper:
Molly Eskay
Kercsmar & Feltus PLLC
6263 North Scottsdale Road
Suite 320
Scottsdale, AZ 85250 US
0476

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

**EXHIBIT C**

1  Jeffrey W. Toppel (State Bar #022065)
   Victoria R. Torrilhon (State Bar #028735)
2  **JACKSON LEWIS LLP**
   2398 East Camelback Road, Suite 1060
3  Phoenix, AZ 85016
   Tel. (602) 714-7044
4  Fax (602) 714-7045
   toppelj@jacksonlewis.com
5  victoria.torrilhon@jacksonlewis.com
   Attorneys for Sionix Corporation
6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
8
9                 IN AND FOR THE COUNTY OF MARICOPA

10

11  JAMES R. CURRIER, an individual,        )
                                            )   Case No. CV2012-056261
12                      Plaintiff,          )
                                            )   **NOTICE OF FILING**
13            vs.                           )   **NOTICE OF REMOVAL**
                                            )
14  SIONIX CORPORATION, a Nevada            )   **28 U.S.C. § 1441**
    corporation,                            )
15                                          )
                        Defendant.          )
16                                          )
                                            )
17  _____

18      **To:      Clerk of Court, Superior Court of the State of Arizona,**
                   **County of Maricopa:**
19

20          PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

21  Defendant Sionix Corporation serves this Notice that it has filed a Notice of Removal

22  of the above-captioned action from this Court to the United States District Court for the

23  District of Arizona.  A true and correct copy of the Notice of Removal is attached as

24  Exhibit 1 and is incorporated by reference.  As provided in 28 U.S.C. § 1446(d), this

25  Notice effects the removal of this action, and this Court shall proceed no further unless

26  and until this case is remanded.

                                      - 1 -

1    RESPECTFULLY SUBMITTED this 27th day of November, 2012.

2                        JACKSON LEWIS LLP

3

4                        By:    /s/Jeffrey W. Toppel
                                Jeffrey W. Toppel
5                               Victoria R. Torrilhon
                                2398 E. Camelback Road, Ste. 1060
6                               Phoenix, Arizona  85016
                                Attorneys for Defendant Sionix
7                               Corporation

8

9

10

11                    **CERTIFICATE OF SERVICE**

12

13    I hereby certify that on November 27, 2012, I electronically transmitted
the attached document to the AZTurbo Court using the E-filing System for the
Superior Court of Maricopa County and transmittal of the document by U.S.
14   mail to the following:

15

16   Geoffrey S. Kercsmar
     Molly L. Eskay
17   KERCSMAR & FELTUS PLLC
     6263 North Scottsdale Road, Suite 320
18   Scottsdale, AZ  85250
     Attorneys for Plaintiff
19

20
          /s/Debbie Mattatall
21

22

23

24
     4835-7901-0322, v. 1
25

26

                                -2-